Kenneth C. Rudd, Esq.
Jennifer M. Marcus, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1122 Avenue of the Americas
New York, New York 10036
(212) 223-0400
Attorneys for Plaintiff Stenn Assets UK Limited

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STENN ASSETS UK LIMITED,<br><br>                    Plaintiff,<br><br>v.<br><br>DACKERS TRADING LLC,<br><br>                    Defendant. | Civil Action No.<br><br><br>**COMPLAINT** |

Plaintiff Stenn Assets UK Limited ("Plaintiff" or "Stenn"), by and through its attorneys Zeichner Ellman & Krause LLP, hereby complains against Defendant Dackers Trading LLC ("Defendant" or "Dackers") and alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract and for Defendant's refusal to pay an undisputed amount stated. Dackers purchased various goods from non-parties EasyClean Co. Limited ("EasyClean") and Kunshan Koolcare Technology Co., Ltd. ("Kunshan"). EasyClean assigned the accounts receivable owed by Dackers with respect to goods purchased by Dackers, totaling $192,465.70 to Stenn. Kunshan assigned the accounts receivable owed by Dackers with respect to goods purchased by Dackers, totaling $151,670.00, to Stenn. Despite the fact that Dackers has acknowledged and

1

accepted in writing the assignments by EasyClean and Kunshan of the respective debts to Stenn without any defense or offset, Dackers has refused to pay the aggregate remaining principal amount of $344,135.70 currently due to Stenn.

## PARTIES

2. Plaintiff Stenn is a private limited company organized and existing under the laws of the United Kingdom. Its principal place of business is located at V 101, 1-45 Durham Street, London SE11 5JH, United Kingdom. Plaintiff's sole owner is an entity registered in the British Virgin Islands and is not a publicly held corporation.

3. Defendant Dackers is a domestic limited liability company organized and existing under the laws of the State of York, with its principal place of business at 5308 13th Avenue, Suite 472, Brooklyn, New York 11219, and upon information and belief, each of its members are citizens of the State of New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and more than $75,000, exclusive of interest and costs, is in dispute in this action.

5. Venue is proper within the United States District Court, Eastern District of New York pursuant to each of 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Defendant is resident in this judicial district, maintains a principal place of business in this judicial district and a substantial portion of the events giving rise to the claims occurred within and/or directly impact this Judicial District.

## SUMMARY OF ALLEGATIONS

6. Stenn entered into Framework Agreements with each of two non-party suppliers of goods to Dackers, which contemplated the assignment of particular accounts receivable owed by purchasers of goods to the suppliers. As contemplated by the Framework Agreements, Stenn and the suppliers signed Exhibits to the Framework Agreements with respect to the assignments of particular accounts receivable. In addition, Stenn, each supplier, and Dackers signed Notices of Assignment, by which Dackers both acknowledged that it owed the sums previously owed to its suppliers to Stenn and additionally waived any offset, deduction, defense or counterclaim as to Stenn.

7. Demands for payment to Dackers were made.

8. Dackers has not paid the amounts due and demanded.

## FACTUAL ALLEGATIONS

9. Stenn and EasyClean each signed Framework Agreement 2160-STN-22 dated January 14, 2022 (the "EasyClean Framework Agreement"). A true and exact copy of the EasyClean Framework Agreement is annexed as Exhibit 1.

10. Stenn and Kunshan each signed Framework Agreement 2289-STN-22 dated January 25, 2022 (the "Kunshan Framework Agreement," which together with the EasyClean Framework agreement may sometimes referred to as the "Framework Agreements"). A true and exact copy of the Kunshan Framework Agreement is annexed hereto as Exhibit 2.

11. In the EasyClean Framework Agreement, EasyClean represented that it was the owner of monetary accounts receivable under certain trade arrangements as described in more detail in exhibits thereto.

12. In Kunshan Framework Agreement, Kunshan represented that it was the owner of monetary accounts receivable under certain trade arrangements as described in more detail in exhibits thereto.

13. In the EasyClean Framework Agreement, EasyClean agreed that, in exchange for an agreed upon price, it would assign accounts receivable to Stenn, as set forth in particularity by way of exhibit(s) to said Framework Agreement.

14. In the Kunshan Framework Agreement, Kunshan agreed that, in exchange for an agreed upon price, it would assign accounts receivable to Stenn, as set forth in particularity by way of exhibit(s) to said Framework Agreement.

**EasyClean's Assignment of Accounts Receivable Owed by Dackers**

15. EasyClean issued to Dackers Invoice # EA22043 dated June 1, 2022 with respect to the sale and purchase of certain goods for a total amount of $47,726.40.

16. EasyClean issued to Dackers Invoice #EA22044 dated June 14, 2022 with respect to the sale and purchase of certain goods for a total amount of $58,389.00.

17. EasyClean issued to Dackers Invoice #EA22045 dated June 14, 2022 with respect to the sale and purchase of certain goods for a total amount of $43,214.30.

18. EasyClean issued to Dackers Invoice #EA22046 dated June 14, 2022 with respect to the sale and purchase of certain goods for a total amount of $43,136.00.

19. Invoices EA22043, EA22044, EA22045 and EA22046 shall be referred to herein as the "EasyClean Invoices." True and exact copies of the EasyClean Invoices are annexed hereto collectively as Exhibit 3.

20. The total principal amount owed under the EasyClean totals the sum of $192,465.70.

21. EasyClean and Stenn signed Exhibit No. 2160-STN-22-3 dated June 28, 2022 to the EasyClean Framework Agreement (the "EasyClean Exhibit"). A true and exact copy of the EasyClean Exhibit annexed hereto as Exhibit 4.

22. Pursuant to the EasyClean Framework Agreement and EasyClean Exhibit, EasyClean assigned the right, title and interest to the accounts receivable represented by the EasyClean Invoices.

23. Pursuant to the EasyClean Framework Agreement and EasyClean Exhibit, payment under Invoice EA22043 was due on October 5, 2022.

24. Pursuant to the EasyClean Framework Agreement and EasyClean Exhibit, payment under Invoice EA22044 was due on October 11, 2022.

25. Pursuant to the EasyClean Framework Agreement and EasyClean Exhibit, payment under Invoice EA22045 was due on October 16, 2022

26. Pursuant to the EasyClean Framework Agreement and EasyClean Exhibit, payment under Invoice EA22046 was due on October 11, 2022.

**Kunshan's Assignment of Accounts Receivable Owed by Dackers**

27. Kunshan issued to Dackers Invoices # DDHH211201 + DDHH220102 dated May 13, 2022 with respect to the sale and purchase of certain goods for a total amount of $83,330.00. A true and exact copy of the First Kunshan Invoices are annexed hereto as Exhibit 5.

28. Kunshan and Stenn signed Exhibit No. 2289-STN-22-2 dated July 7, 2022 to the Kunshan Framework Agreement (the First Kunshan Exhibit"). A true and exact copy of the First Kunshan Exhibit is annexed hereto as Exhibit 6.

29. Pursuant to the Kunshan Framework Agreement and First Kunshan Exhibit, Kunshan assigned the right, title and interest to the accounts receivable represented by Invoices # DDHH211201 + DDHH220102 to Stenn.

30. Pursuant to the Kunshan Framework Agreement and First Kunshan Exhibit, payment under Invoices DDHH211201 +DDHH220102 was due on September 10, 2022.

31. Kunshan issued to Dackers Invoice # DDHH220301 dated June 30, 2022 with respect to the sale and purchase of certain goods for the total amount of $68,340.00. A true and exact copy of the Second Kunshan Invoice are annexed hereto as Exhibit 7.

32. Kunshan and Stenn signed Exhibit 2289-STN-22-3 dated July 21, 2022 to the Kunshan Framework Agreement (the "Second Kunshan Exhibit"). A true and exact copy of the Second Kunshan Exhibit is annexed hereto as Exhibit 8.

33. Pursuant to the Kunshan Framework Agreement and Second Kunshan Exhibit, Kunshan assigned the right, title and interest to the accounts receivable represented by Invoice # DDHH220301 to Stenn.

34. Pursuant to the Kunshan Framework Agreement and Second Kunshan Exhibit, payment under Invoice DDHH220301 was due on October 28, 2022.

**The Notices of Assignments of The Accounts Receivable**

35. Dackers, EasyClean and Stenn signed a Notice of Assignment of Accounts Receivable dated June 28, 2022 (the "EasyClean NOA").

36. A true and accurate copy of the EasyClean NOA is annexed here as Exhibit 9.

37. By the terms of the EasyClean NOA, Dackers acknowledged, among other things, that the accounts receivable with regard to the EasyClean Invoices with a balance due of $192,465.70 had been assigned to Stenn.

38. Pursuant to the terms of the EasyClean NOA payment to Stenn by Dackers with respect to invoice #EA22043 was due by October 5, 2022.

39. Pursuant the terms of the EasyClean NOA payment to Stenn by Dackers with respect to invoice #EA22044 was due by October 11, 2022.

40. Pursuant to the terms of the EasyClean NOA payment to Stenn by Dackers with respect to invoice #EA22045 was due by October 16, 2022.

41. Pursuant to the terms of the EasyClean NOA payment to Stenn by Dackers with respect to invoice #EA22046 was due by October 11, 2022.

42. The Easy Clean NOA specifically states:

You [Dackers] agree and acknowledge that the Accounts Receivable represent purely monetary claims payable by you to Stenn Assets UK Limited. You fully accept the assignment and confirm your obligation to settle the Accounts Receivable in favor of Stenn Assets UK Limited in the amounts and by the dates specified above.

43. The June 28 NOA also specifically states:

By accepting this Notice and in consideration for the purchase of the Accounts Receivable by Stenn Assets UK Limited, you [Dackers] acknowledge that title to the goods related to the Accounts Receivable and their risk of loss have passed from the EASYCLEAN CO. LIMITED to you, and the terms of the Trade Contract in relation to the Accounts Receivable are amended such that you have an obligation to pay the Balance Due amounts specified above to Stenn Assets UK Limited *without any claim for offset, deduction, defense or counterclaim.*

(Emphasis added).

44. Dackers, Kunshan and Stenn signed a Notice of Assignment of Accounts Receivable dated July 7, 2022 (the "First Kunshan NOA").

45. A true and accurate copy of the First Kunshan NOA is annexed hereto as Exhibit 10.

46. By the terms of the First Kunshan NOA, Dackers acknowledged, among other things, that the account receivable with regard to Kunshan Invoice #DDHH211201 + DDHH220102 with a balance due of $83,330.00 had been assigned to Stenn.

47. Pursuant to the terms of the First Kunshan NOA payment by Kushnan to Stenn with respect to invoices #DDHH211201+DDHH220102 was due by September 10, 2022.

48. The First Kunshan NOA specifically states:

You [Dackers] agree and acknowledge that the Accounts Receivable represent purely monetary claims payable by you to Stenn Assets UK Limited. You fully accept the assignment and confirm your obligation to settle the Accounts Receivable in favor of Stenn Assets UK Limited in the amounts and by the dates specified above.

49. The First Kunshan 7 NOA also specifically states:

"By accepting this Notice and in consideration for the purchase of the Accounts Receivable by Stenn Assets UK Limited, you [Dackers] acknowledge that title to the goods related to the Accounts Receivable and their risk of loss have passed from the KUNSHAN KOOLCARE TECHNOLOGY CO., LTD to you, and the terms of the Trade Contract in relation to the Accounts Receivable are amended such that you have an obligation to pay the Balance Due amounts specified above to Stenn Assets UK

9

Limited *without any claim for offset, deduction, defense or counterclaim.*"

(Emphasis added).

50. Dackers, Kunshan and Stenn signed a Notice of Assignment of Accounts Receivable dated July 21, 2022 (the "Second Kunshan NOA"),

51. A true and accurate copy of the Second Kunshan NOA is annexed hereto as Exhibit 11.

52. By the terms of the Second Kunshan NOA, Dackers acknowledged, among other things, that the account receivable with regard to Kunshan Invoice #DDHH220301 with a balance due of $68,340.00 had been assigned to Stenn.

53. Pursuant to the terms of the Second Kunshan NOA payment by Kushnan to Stenn with respect to invoice #DDHH220301was due by October 28, 2022.

54. The Second Kunshan NOA specifically states:

"You [Dackers] agree and acknowledge that the Accounts Receivable represent purely monetary claims payable by you to Stenn Assets UK Limited. You fully accept the assignment and confirm your obligation to settle the Accounts Receivable in favor of Stenn Assets UK Limited in the amounts and by the dates specified above."

55. The July 21 NOA also specifically states:

"By accepting this Notice and in consideration for the purchase of the Accounts Receivable by Stenn Assets UK Limited, you [Dackers] acknowledge that title to the goods related to the Accounts Receivable and their risk of loss have passed from the Kunshan KUNSHAN KOOLCARE TECHNOLOGY CO., LTD to you, and the terms of the Trade Contract in relation to the

>Accounts Receivable are amended such that you have an obligation to pay the Balance Due amounts specified above to Stenn Assets UK Limited **without any claim for offset, deduction, defense or counterclaim.**"

(Emphasis added).

## DEFENDANT'S DEFAULTS

56. Pursuant to the terms of the EasyClean NOA, payment to Stenn by Dackers with respect to the various EasyClean Invoices was due by October 5, October 11, and October 16, 2022.

57. Dackers did not make any of the foregoing payments.

58. Pursuant to the terms of the First Kunshan NOA, payment to Stenn by Dackers was due by September 10, 2022.

59. Dackers did not make the foregoing payment.

60. Pursuant to the terms of the Second Kunshan NOA, payment to Stenn by Dackers was due by October 28, 2022.

61. Dackers did not make the foregoing payment.

62. On October 3, 2022, Stenn sent the following message to David Schwartz of Dackers over Whatsapp, "Can you please urgently repay the invoice DDHH211201+DDHH220102 which was due on 2022-09-10. The repayment amount is $83,330.00 USD."

63. Dackers did not dispute that the foregoing invoice was due.

11

64. On October 17, 2022 Stenn's collection agent sent an electronic mail communication to David Schwartz of Dackers, that stated in part, "We have been retained in regards to the outstanding $275,795.70 debt owed to Stenn by Dackers Trading. I would like to schedule a call this week to see if we could arrive at an amicable solution on repayment. Please let me know when you're free…"

65. Dackers did not dispute that the following sum was due as of that date.

66. On October 19, 2022, Stenn's collection agent sent a further electronic mail communication to David Schwartz of Dackers, advising in part, "if you do not respond before the end of the week Stenn will have no option but to file suit."

## COUNT I
## (BREACH OF CONTRACT)

67. Stenn realleges and incorporates by reference the preceding allegations set forth in paragraphs 1 through and including 63 above as if fully set forth herein.

68. The EasyClean NOAs is a valid and binding contract.

69. The First and Second Kunshan NOAs are valid and binding contracts.

70. Stenn has performed, and continues to perform, all of its obligations under the EasyClean NOA and the First and Second Kunshan NOAs.

71. Dackers has breached the EasyClean NOA and the First and Second Kunshan NOAs. by failing to pay Stenn the sums due according to their terms.

72. As a result of Dackers's breach, Stenn has suffered damages in the principal amount of not less than $344,135.70.

## COUNT II
## (ACCOUNT STATED)

73. Stenn realleges and incorporates by reference the preceding allegations set forth in paragraphs 1 through and including 67 above as if fully set forth herein.

74. Stenn has set forth and communicated to Dackers the sums due under the EasyClean NOA and the First and Second Kunshan NOAs.

75. There is an unequivocal agreement by Dackers to remit the full amount due on the invoices Stenn without offset, defense or counterclaim.

76. Dackers has accepted and confirmed the amount due.

77. Dackers has promised to pay the amount stated as due on the Invoices.

78. Stenn is entitled to a money judgment in an amount of $344,135.70, plus interest, costs, and disbursements.

**PRAYER FOR RELIEF**

**WHEREFORE**, Stenn prays for the following relief:

  A. For a judgment in favor of Stenn in the principal amount of $344,135.70, against Dackers, plus all applicable accrued interest;

  B. To the extent permitted by law awarding Stenn reasonable attorneys' fees and costs; and

  C. Granting all such additional and/or further relief as this Court deems just and equitable.

DATED:  November 22, 2022

            ZEICHNER ELLMAN & KRAUSE LLP
            Attorneys for Plaintiff
             Stenn Assets UK Limited


    BY: /s/ Jennifer M. Marcus
       JENNIFER M. MARCUS