```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STENN ASSETS UK LIMITED,
                                                                    REPORT & RECOMMENDATION
                    Plaintiff,                                      22 CV 7131 (LDH)(LB)
        -against-

DACKERS TRADING LLC,

                    Defendant.
----------------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

Plaintiff Stenn Assets UK Limited ("Stenn") brings this diversity action against defendant Dackers Trading LLC ("Dackers") for breach of contract and account stated. Plaintiff seeks to recover damages for unpaid accounts receivable assigned to plaintiff by non-party suppliers EasyClean Co. Limited ("EasyClean") and Kunshan Koolcare Technology Co., Ltd. ("Kunshan") for goods that defendant purchased from the suppliers. Despite service of the summons and complaint, defendant has failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Honorable LaShann DeArcy Hall referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, I respectfully recommend that plaintiff's motion for a default judgment should be granted in part and denied in part, and that plaintiff should be awarded $344,135.70 in compensatory damages, plus pre- and post-judgment interest and costs.

# BACKGROUND[1]

Stenn is a "private limited company organized and existing under the laws of the United Kingdom" with its principal place of business located there.[2] Complaint, ECF No. 1 ¶ 2. Dackers is a New York limited liability company with a principal place of business in New York. Id. ¶ 3. Each of Dackers' members are citizens of New York. Id.

In January 2022, plaintiff purchased an assignment of monetary accounts receivable from non-parties EasyClean and Kunshan (the "suppliers"). Id. ¶¶ 9-12. Plaintiff and the suppliers signed framework agreements for the assignments, as well as "exhibits" to the framework agreements for each particular account receivable assigned. Id. ¶¶ 13, 14; ECF Nos. 1-1; 1-2.

In May and June 2022, defendant purchased $344,135.70 in goods from the suppliers. Specifically, defendant purchased $151,670.00 worth of hot/cold packs and other goods from Kunshan, and $192,465.70 worth of pre-moistened lens wipes from EasyClean. Id. ¶ 1; see also ECF Nos. 1-3; 1-5; 1-7.

In May 2022, Kunshan issued two invoices to defendant for $83,330.00. ECF No. 1 ¶ 27. Kunshan then assigned the right, title, and interest to the accounts receivable for these invoices to Stenn. Id. ¶¶ 28, 29. Payment was due in September 2022. Id. ¶ 30. In June 2022, Kunshan issued a third invoice to Dackers for the remaining $68,340.00. Id. ¶ 31. Kunshan again assigned the accounts receivable for this invoice to Stenn. Id. ¶¶ 32-33. Payment was due in October 2022. Id. ¶ 34.

---

[1] The facts are drawn from the uncontested allegations in plaintiff's complaint, as well as documents incorporated by reference, and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

[2] Plaintiff is a citizen of the United Kingdom for purposes of diversity jurisdiction. See, e.g., Ulmer v. StreetTeam Software, LLC, No. 22-CV-5662, 2023 WL 2306020, at *5 (E.D.N.Y. Feb. 28, 2023) ("Courts within and outside of this Circuit have held that '[a] UK private limited company is [to be] treated as a corporation for the purposes of diversity subject matter jurisdiction.'").

In June 2022, EasyClean issued four invoices to Dackers totaling $192,465.70. Id. ¶¶ 15-18, 21; ECF No. 1-3. EasyClean then assigned the right, title, and interest to the accounts receivable for these invoices to Stenn. ECF No. 1 ¶ 22. Payments were due for these invoices in October 2022. Id. ¶¶ 23-26.

On June 28, 2022, plaintiff, defendant, and EasyClean signed a "Notice of Assignment of Account Receivable," in which defendant acknowledged that it now owed Stenn the $192,465.70 that it previously owed EasyClean and waived any "offset, deduction, defense or counterclaim." Id. ¶¶ 35-43. In July 2022, plaintiff, defendant, and Kunshan signed the same notice of assignment for the Kunshan invoices, in which Dackers acknowledged that it now owed Stenn the $151,670.00 it previously owed to Kunshan. Id. ¶¶ 44-55.

Defendant did not make any of the payments with respect to the invoices, all of which were due in September and October 2022.[3] Id. ¶¶ 56-61. On October 3, 2022, plaintiff sent a message on WhatsApp to "David Schwartz of Dackers"[4] requesting that Dackers "urgently repay" the Kunshan invoices totaling $83,330.00 that were due on September 10, 2022. Id. ¶ 62. On October 17, 2022, plaintiff's collection agent informed Mr. Schwartz by email that he had been retained in regard to the $275,785.70 that was due at that time, and followed up by email on October 19, 2022 advising Mr. Schwartz that if he failed to respond by the end of the week, plaintiff would "have no option but to file suit." Id. ¶ 66. Dackers did not dispute that the sums were owed. Id. ¶¶ 63, 65.

Plaintiff brings claims for breach of contract and account stated. Id. ¶¶ 67-78. Plaintiff seeks a judgment of the principal amount of $344,135.70, plus interest and costs.

---

[3] The EasyClean invoices were due on October 5, 11, and 16, 2022. Id. ¶ 56. The first two Kunshan invoices were due on September 10, 2022. Id. ¶ 58. The third Kunshan invoice was due on October 28, 2022. Id. ¶ 60.
[4] Plaintiff does not allege Mr. Schwartz's relationship to Dackers. However, the notices of assignment identify Mr. Schwartz as Dackers' CEO. ECF No. 1-9 at 2.

**PROCEDURAL HISTORY**

Plaintiff filed the complaint in this action on November 22, 2022. ECF No. 1. Plaintiff served defendant with process by delivering copies of the summons and complaint to an authorized representative of the New York Secretary of State, in accordance with Section 303 of New York Limited Liability Law. ECF No. 6. Defendant failed to answer or otherwise respond to the complaint, and the Clerk of Court noted defendant's default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 9. Plaintiff now moves for a default judgment. ECF No. 10. The motion was referred to me for a Report and Recommendation.

**DISCUSSION**

**I.    Legal Standard for Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993)). "Accordingly, [a] plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); see also Universal Elec. Corp., 970 F. Supp. 2d 108, 119 (E.D.N.Y. 2013). Regardless of the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation and citation omitted).

## II. Liability

### a. Account Stated

An account stated is a "promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due." Air Atlanta Aero Engineering Ltd. V. SP Aircraft Owner I, LLC, 637 F. Supp. 2d 185, 197 (S.D.N.Y. 2009) (quotations and citation omitted). To establish a claim for account stated under New York law,[5] a plaintiff must show: "(1) an account was

---

[5] The Court assumes that New York law applies. Defendant is a New York limited liability company. ECF No. 1 ¶ 3. Plaintiff, a U.K. corporation, filed this action in New York and relies on New York law in seeking pre-judgment interest. ECF No. 10-1 ¶ 6. While the notices of assignment state that the "governing law and jurisdiction provisions" contained in the underlying trade contract between defendant and the suppliers "shall apply equally" to the assignments, plaintiff does not submit the trade contracts. ECF No. 1-9 at 3; 1-10 at 3; 1-11 at 3. Plaintiff does not raise choice of law arguments; nor does defendant, by virtue of its default. Under these circumstances, the Court declines to address choice of law *sua sponte* and applies the law of New York as the forum state. See, e.g., Nedspice US Inc. v. Castella Imports, Inc., No. 20-CV-1802, 2020 WL 6785335, at *2 (E.D.N.Y. Oct. 22, 2020), report and recommendation adopted, 2020 WL 6784178 (E.D.N.Y. Nov. 18, 2020) (applying New York law in diversity action for account stated where "[d]efendant, a New York corporation with its principal place of business in New York, has defaulted, and [plaintiff] cites New York law in support of each of its claims"); First Bank & Tr. v. Coventina Constr. Corp., No. 18-CV-6648, 2019 WL 4120363, at *1, n.3 (E.D.N.Y. July 23, 2019), report and recommendation adopted, 2019 WL 4089393 (E.D.N.Y. Aug. 26, 2019) (applying New York law in diversity action for breach of contract and account stated where the defaulted defendant was a New York corporation, plaintiff assumed New York law applies, and no argument was raised "suggesting the law of another state should apply"); Keles v. Yale Univ., 889 F. Supp. 729, 733 (S.D.N.Y. 1995), aff'd, 101 F.3d 108 (2d Cir. 1996) ("Where the parties fail to raise the issue of choice of

presented, (2) the account was accepted as correct, and (3) the debtor promised to pay the amount stated." Id. at 198 (quotations and citation omitted). The second and third elements "may be implied if 'a party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes a partial payment.'" IMG Fragrance Brands, LLC v. Houbigant, Inc., 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009) (quoting LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999)). "A party who fails to object within a reasonable time is bound by the account absent fraud, mistake or other equitable considerations." 4Kids Ent., Inc. v. Upper Deck Co., 797 F. Supp. 2d 236, 249 (S.D.N.Y. 2011).

Plaintiff's complaint establishes a claim for account stated. Plaintiff purchased an assignment of accounts receivable for the sums due under seven invoices issued to defendant by the non-party suppliers. Plaintiff attaches three notices of assignment signed by plaintiff, defendant, and the suppliers, in which defendant acknowledged that it owed plaintiff the sums previously due to the suppliers pursuant to the invoices. ECF Nos. 1-9; 1-10; 1-11. The notices of assignment list each unpaid invoice, balance due, and due date. Id. As such, plaintiff has established that an account was presented. See First Bank & Tr., 2019 WL 4120363, at *5 (finding that assignee of accounts receivable presented account where defendant received invoices showing the amounts owed and a statement of account listing the outstanding invoices); Reliance Commc'ns LLC v. Retail Store Ventures, Inc., No. 12-CV-2067, 2013 WL 4039378, at *4 (E.D.N.Y. Aug. 7, 2013) (finding that account was presented where plaintiff presented defendant with statements of account showing balance due). Plaintiff has also established that the accounts were accepted as correct and that defendant promised to pay the amounts stated. Defendant did not object to the

---

law, the Court need not raise the issue *sua sponte*, and the parties are deemed to have acquiesced in the application of the law of the forum.").

6

statements of account contained in the notices of assignment. Instead, defendant confirmed its acceptance in writing by signing the notices of assignment. See Reliance, 2013 WL 4039378, at *4 (noting that defendant received and retained account statements without objecting to them, and "admitted in writing to its indebtedness"). As such, the Court should grant plaintiff's motion for a default judgment as to its claim for account stated.

### b. Breach of Contract

Plaintiff's claim for breach of contract is duplicative of its account stated claim. Claims are duplicative "if they arise from the same facts . . . and do not allege distinct damages." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (quotations and citation omitted). Plaintiff's breach of contract and account stated claims both arise from defendant's failure to pay seven invoices assigned to plaintiff by the non-party suppliers; plaintiff realleges and incorporates by reference the same facts in support of both claims. ECF No. 1 ¶¶ 67, 73; Arch Specialty Ins. Co. v. TDL Restoration, Inc., No. 18-CV-6712, 2021 WL 1225447, at *10 (S.D.N.Y. Mar. 31, 2021) ("Plaintiff's account stated claim expressly incorporates the allegations set forth in the section detailing the breach of contract cause of action[,] further indicating that the claims are duplicative of one another.") (quotations and citation omitted). Both claims seek identical relief: $344,135.70 in monetary damages, plus interest and costs.[6] Cf. New Am. Mktg. FSI LLC v. MGA Ent., Inc., 187 F. Supp. 3d 476, 482 (S.D.N.Y. 2016) (finding an account stated claim did not duplicate breach of contract claim where relief sought was distinct).

As such, the Court need not reach plaintiff's claim for breach of contract. See, e.g., Fed. Corp. v. Future Tire Co., Ltd., No. 19-CV-6357, 2021 WL 2550472, at *5 (E.D.N.Y. June 22, 2021) ("The Court need not address Plaintiff's breach of contract claim because it is duplicative

---

[6] Plaintiff does not seek attorney's fees. ECF No. 10-1 at 5.

to the account stated cause of action."). It is respectfully recommended that the Court should deny plaintiff's motion for a default judgment with respect to its breach of contract claim and dismiss the claim without prejudice as duplicative of plaintiff's account stated claim. See Peabody v. Weider Publications, Inc., 260 F. App'x 380, 383–84 (2d Cir. 2008) (affirming dismissal of good faith and fair dealing claim as duplicative of breach of contract claim where the complaint alleged the same facts for both claims); Nedspice US Inc. v. Castella Imports, Inc., No. 20-CV-1802, 2020 WL 6785335, at *4 (E.D.N.Y. Oct. 22, 2020), report and recommendation adopted, 2020 WL 6784178 (E.D.N.Y. Nov. 18, 2020) (recommending denial of account stated claim as duplicative of breach of contract claim where both claims were premised on defendant's failure to pay an amount due pursuant to invoices).

### III. Damages

It is well-established that a default is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (quotations and citation omitted). A plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantra, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). "Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citations omitted).

Here, plaintiff has proffered sufficient documentary evidence. See Transatlantic Marine, 109 F.3d at 111 (explaining that a Court is not obligated to hold an evidentiary hearing where the default judgment motion provides a basis for the damages sought). Plaintiff seeks damages for amounts owed under seven unpaid invoices issued by the non-party suppliers and assigned to plaintiff. Plaintiff submits the seven unpaid invoices, as well as the notices of assignment signed by defendant accepting those amounts. ECF Nos. 1-3; 1-5; 1-7; 1-9; 1-10; 1-11.

| Invoice Number | Due Date | Amount |
|---|---|---|
| EA22043 (ECF No. 1-3 at 2) | October 5, 2022 | $47,726.40 |
| EA22044 (ECF No. 1-3 at 3) | October 11, 2022 | $58,389.00 |
| EA22045 (ECF No. 1-3 at 4) | October 16, 2022 | $43,214.30 |
| EA22046 (ECF No. 1-3 at 5) | October 11, 2022 | $43,136.00 |
| DDHH211201 + DDHH220102 (ECF No. 1-5 at 2) | September 10, 2022 | $83,330.00 |
| DDHH220301 (ECF No. 1-7 at 2) | October 28, 2022 | $68,340.00 |
| TOTAL | | **$344,135.70** |

Plaintiff also submits an affidavit from Stenn's director in support of the instant motion attesting that the invoices all remain unpaid. ECF No. 10-4 ¶ 15. As such, plaintiff has proven to a reasonable certainty that the unpaid invoices owed by defendant to plaintiff total $344,135.70, and the Court should award plaintiff damages in that amount. See First Bank & Tr., 2019 WL 4120363, at *7 (recommending damages award where plaintiff provided unpaid invoices and affidavit attesting that the invoices remained unpaid).

Plaintiff also seeks pre-judgment interest at a rate of 9% per annum pursuant to N.Y.C.P.L.R § 5004. ECF No. 10-1 ¶ 6. "It is well settled that state law applies to an award of pre-judgment interest in a diversity action in federal court." EMI Music Mktg. v. Avatar Recs., Inc., 364 F. Supp. 2d 337, 344 (S.D.N.Y. 2005). Under New York law, "a prevailing party is entitled to pre-judgment interest in an action for an account stated." First Bank & Tr., 2019 WL 4120363, at *7. The interest is calculated beginning "from the date of the plaintiff's unpaid invoice." Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 241 F.R.D. 451, 457 (S.D.N.Y. 2007), aff'd, 316 F. App'x 51 (2d Cir. 2009). Accordingly, plaintiff should be awarded pre-judgment interest at a rate of 9% per year from the date of each unpaid invoice, which plaintiff

9

accurately calculates to total $11,059.60 through February 15, 2023,[7] plus $84.86 per diem from February 16, 2023 through the date of judgment. ECF No. 10-1 ¶ 8.

| Invoice Number | Principal Amount | Due Date | Default Date | Daily Interest (9% per annum) | Interest due through 2/15/23 |
|---|---|---|---|---|---|
| EA22043 | $47,726.40 | 10/5/2022 | 10/6/2022 | $11.77 | $1,553.40 |
| EA22044 | $58,389.00 | 10/11/2022 | 10/12/2022 | $14.40 | $1,814.06 |
| EA22045 | $43,214.30 | 10/16/2022 | 10/17/2022 | $10.66 | $1,289.33 |
| EA22046 | $43,136.00 | 10/11/2022 | 10/12/2022 | $10.64 | $1,340.17 |
| DDHH2 11201 + DDHH2 20102 | $83,330.00 | 9/10/2022 | 9/11/2022 | $20.55 | $3,225.90 |
| DDHH2 20301 | $68,340.00 | 10/28/2022 | 10/29/2022 | $16.85 | $1,836.75 |
| TOTAL | | | | $84.87 | $11,059.60 |

Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. § 1961(a), which is "mandatory in any civil case where money damages are recovered." Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 53 (E.D.N.Y. 2015) (quotations and citation omitted); Todtman, 241 F.R.D. 451 at 457 (S.D.N.Y. 2007) (finding that post-judgment interest is mandatory in cause of action for account stated). "[I]nterest shall be calculated from the date of the entry of judgment at [the federal] rate equal to the weekly average 1–year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Post-judgment interest "accrues from the date of the entry of judgment until Defendant has satisfied the judgment." Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017). Accordingly, I recommend that plaintiff should be awarded post-judgment interest at the default federal statutory rate.

---

[7] Plaintiff filed this motion on March 10, 2023. The Court presumes that plaintiff calculated interest through February 15, 2023 for that reason.

Finally, plaintiff provided a bill of costs totaling $492.00 in fees. ECF No. 10-6. Pursuant to the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party" unless the federal rules or a court order provide otherwise. Fed. R. Civ. P. 54(d)(1). As such, the Court recommends that plaintiff should be awarded costs of $492.00.

## CONCLUSION

Accordingly, for the reasons stated herein, it is respectfully recommended that the Court should grant plaintiff's motion for a default judgment with respect to its claim for account stated and deny the motion as to plaintiff's claim for breach of contract. The Court should award plaintiff $344,135.70 in damages, $11,059.60 in pre-judgment interest through February 15, 2023, plus $84.87 per diem from February 16, 2023 through the date of judgment, $492.00 in costs, and post-judgment interest.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: January 8, 2024
       Brooklyn, New York